DAVID M. HELBRAUN (SBN 129840)
**HELBRAUN LAW FIRM**
351 California Street, Suite 900
San Francisco, California 94104
Telephone: (415) 982-4000
Facsimile: (415) 352-0988

Attorneys for Plaintiff
THOMAS JOSEPH BARNES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH BARNES,<br><br>        Plaintiff,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity, SAN FRANCISCO POLICE DEPARTMENT, POLICE OFFICER JOSHUA T. PHILLIPS, POLICE OFFICER ROYER, POLICE OFFICER TERRITO, POLICE OFFICER WOOD and DOES 1-100, Jointly and Severally,<br><br>        Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

Plaintiff THOMAS JOSEPH BARNES, by and through his attorneys, the HELBRAUN LAW FIRM, for his Complaint against Defendants, states as follows:

**I. INTRODUCTION**

1.    On February 23, 2007, Plaintiff Barnes was talking with an African American stranger near 31 Turk Street in San Francisco, California, when four City and County of San Francisco Police Department Officers approached the other man and began to question him. None of the officers directed any words or actions to Mr. Barnes at that point, so Mr. Barnes reasonably believed he was not the subject of the inquiry, and began to walk away. When he had walked about a foot or so, one officer, believed to be Defendant Police Officer Phillips, grabbed Mr. Barnes, slammed him against a wall, and performed some type of maneuver on Mr. Barnes' hand or wrist or arm that resulted in breaking Mr. Barnes' arm. Plaintiff Barnes was wrongfully

**COMPLAINT AND JURY DEMAND**                                                                                                                       1

arrested and injured.

## II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12133 and the statutory and common law of the State of California. Jurisdiction is based upon 28 U.S.C. § 1343 and 29 U.S.C. §§ 794 and 706(8)(B), and the Court's pendent jurisdiction over the state claims.

## III. PARTIES

3. Plaintiff Thomas Joseph Barnes was at all material times a resident of the City and County of San Francisco, State of California.

4. Defendant City and County of San Francisco is a municipal corporation established by the laws and Constitution of the State of California, and owns, operates, manages, directs and controls the San Francisco Police Department which employs other defendants in this action.

5. Defendants Police Officers Phillips, Royer, Territo, and Wood were and are at all material times employed as law enforcement officers by Defendant City and County of San Francisco, and were acting within the course and scope of their employment.

6. The true names and capacities of Defendants sued herein as DOES 1-100 ("Doe defendants") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. At all material times, each Doe defendant was an employee or agent of Defendant City and County of San Francisco acting within the course and scope of that employment.

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more Doe defendants were at all material times responsible for the hiring, training, supervision, and discipline of other defendants, and/or directly responsible for violations of Plaintiff's rights.

8. Each individual defendant (meaning non-municipal defendants) is sued in his individual and official capacities.

9. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent, aid and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may be hereinafter otherwise alleged.

10. At all material times, each defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's Constitutional rights and other harm.

11. At all material times, each defendant acted under the color of the laws, statutes, ordinances and regulations of the State of California, and pursuant to the actual customs, policies, practices and procedures of the governmental entity by which they were employed or retained.

### IV.  STATEMENT OF FACTS

12. On February 23, 2007, Plaintiff Barnes was talking with an African American stranger near 31 Turk Street in San Francisco, California, when four City and County of San Francisco Police Department Officers approached the other man and began to question him. None of the officers directed any words or actions to Mr. Barnes at that point, so Mr. Barnes reasonably believed he was not the subject of the inquiry, and began to walk away.  When he had walked about a foot or so, one officer, believed to be Defendant Police Officer Phillips, grabbed Mr. Barnes, slammed him against a wall, and performed some type of maneuver on Mr. Barnes' hand or wrist or arm that resulted in breaking Mr. Barnes' arm.  Plaintiff Barnes was wrongfully arrested and injured.  The charges against Plaintiff were later dismissed.

13. At all material times, Plaintiff acted peacefully and lawfully, never threatened any person, and never interfered with any police officer.

14. The conduct herein alleged of Defendants Police Officers, and each of them, was perpetrated upon plaintiff with intent, malice, and without provocation, or in the alternative was done in reckless disregard of Plaintiff's rights. Each and every use of force described herein was without warning to Plaintiff and was objectively unreasonable under the circumstances. Each defendant either personally arrested Plaintiff without reasonable cause, used unreasonable and unnecessary force upon Plaintiff, or authorized, ratified, or contributed to such conduct.

15. The conduct herein alleged of Defendants Police Officers, and each of them, was perpetrated upon plaintiff negligently in that said defendants failed to use reasonable care to ensure no excessive force was used on plaintiff. Each and every use of force described herein was without warning to Plaintiff and was objectively unreasonable under the circumstances. Each defendant either personally arrested Plaintiff without reasonable cause, used unreasonable and unnecessary force upon Plaintiff, or authorized, ratified, or contributed to such conduct.

16. On information and belief, Defendants and other officers, including Doe Defendants 1-10, have given false statements, filed false police reports, improperly completed Use of Force reports, concealed material information, improperly investigated this matter, and have otherwise attempted to cover-up their and other officers' misconduct, violations of Constitutional rights, and other tortious and unlawful conduct.

17. Plaintiff is informed and believes and thereon alleges that the City and County of San Francisco and Doe Defendants 11 through 40, have received numerous complaints and have extensive additional information concerning use of excessive force and other acts of misconduct in violation of the rules and procedures of the City and County of San Francisco, and the rights of the public committed by various City and County of San Francisco Police Department officers, including but not limited to the Defendant Police Officers Phillips, Royer, Territo, and Wood and Police Officer Doe Defendants 1-10.

18. Defendant City and County of San Francisco, and Doe Defendants 11 through 40, and each of them, by their deliberate acts, reckless conduct, and negligence in failing

to train, supervise, discipline and/or investigate complaints and/or charges against City and County of San Francisco Police Department officers, and/or the defendant police officers and Doe Defendants 1-10, proximately caused injuries to Plaintiff.

19   Plaintiff is informed and believes and thereon alleges that at all times herein alleged it was the custom and policy of the City and County of San Francisco Police Department, and their members, to use excessive force against citizens, and to violate the rights of disabled persons.  This custom and policy is evidenced by the City and County of San Francisco Police Department's failure to train, supervise, discipline and/or investigate complaints and/or charges against City and County of San Francisco Police Department officers who had a known propensity for violence and excessive force and for violating the rights of disabled persons.  The acts herein described of Police Officers Phillips, Royer, Territo, and Wood and of the Police Officer Doe Defendants 1-10, and each of them, were in keeping with said custom and policy of use of excessive force.

20.   On or about August 16, 2007, Plaintiff caused to be personally delivered to the City and County of San Francisco a claim for injuries, losses and damages suffered and incurred by Plaintiff by reason of the above-described occurrences, all in compliance with the requirements of the California Government Code.

21.   On or about October 5, 2007, the City and County of San Francisco rejected Plaintiff's claim.

## V.  DAMAGES

22.   As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff sustained damages, in an amount to be determined according to proof, including physical injury to his arm, neck, and wrist, severe emotional distress, fear, anxiety, humiliation, loss of personal reputation, embarrassment, medical expenses, loss of income, loss of physical liberty, and the deprivation of his Constitutional rights to be free from unreasonable searches and seizures, and to be free from unreasonable and unnecessary uses of force, as guaranteed by the Fourth Amendment to the United States Constitution.

23.   Plaintiff has incurred and will continue to incur attorney's fees to vindicate

his rights, and thus is entitled to reasonable attorneys' fees according to proof.

24. Plaintiff alleges on information and belief that the conduct of the individual defendants was intentional, reckless and oppressive and was done with the intent of depriving Plaintiff of his constitutional rights. The acts of the individual defendants, therefore, are such that punitive damages should be imposed against them in an amount commensurate with the wrongfulness alleged herein.

## VI.  JURY DEMAND

25. Plaintiff hereby demands a jury trial in this case.

## FIRST CAUSE OF ACTION
(Violations of Civil Rights, 42 U.S.C. § 1983)
(Defendants Phillips, Royer, Territo, and Wood, and Does 1-40)

26. Plaintiff hereby realleges paragraphs 1 through 25 of this complaint, as though set forth fully herein.

27. As a direct and proximate result of the individual Defendants' actions and omissions, Plaintiff was deprived of his rights and privileges under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the laws of the State of California.

28. Defendants subjected Plaintiff to Defendants' wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and/or with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

29. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraphs 22 through 24, above.

30. The conduct of Defendants Phillips, Royer, Territo, and Wood, and Defendants Does 1-10, and each of them, and Does 11-40, entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

31. Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. §

1983 and as allowed by law.

**SECOND CAUSE OF ACTION**
(Violation of Civil Rights, 42 U.S.C. § 1983)
(Defendants City and County of San Francisco, and Does 41-100)

32. Plaintiffs hereby reallege paragraphs 1 through 31 of this complaint, as though set forth fully herein.

33. Defendants City and County of San Francisco, and Doe Defendants 41-100, as a matter of policy, practice and custom, have with deliberate indifference failed to adequately train, instruct, monitor, supervise or otherwise direct its officers and employees, including the individual Defendants herein, concerning the rights of citizens, with deliberate indifference to citizens' and Plaintiff's constitutional rights, which were thereby violated as described above.

34. Defendant City and County of San Francisco, and Doe Defendants 41 through 100, as a matter of policy, practice and custom, have with deliberate indifference failed to use adequate hiring procedures, thereby resulting in negligent and reckless hiring of the individual defendants, including Defendants Phillips, Royer, Territo, and Wood, and Does 1-10, with deliberate indifference to citizens' and Plaintiff's constitutional rights, which were thereby violated as described above.

35. The unconstitutional actions and/or omissions of Defendants Police Officers Phillips, Royer, Territo, and Wood, and Does 1-40, as described above, were ordered, approved, tolerated, authorized, directed, and/or ratified by policy making officers for the City and County of San Francisco, including Doe Defendants 41-100.

36. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies practices and procedures of Defendants City and County of San Francisco, and Doe defendants 41-100 as described above, Plaintiff sustained serious, severe and permanent injuries as described in paragraphs 22-24 above.

**THIRD CAUSE OF ACTION**
(Violations of California Civil Code § 51.7)
(Defendants Police Officers Phillips, Royer, Territo, and Wood)

37. Plaintiffs hereby reallege paragraphs 1 through 40 of this complaint, as though set forth fully herein.

38. In doing the things herein alleged, Defendants Police Officers Phillips, Royer, Territo, and Wood used, or ratified the use of, violence and intimidation by the threat of violence against Plaintiff because of his sexual orientation and/or because of his apparent sexual orientation.

39. As a proximate result of Defendants Police Officers Phillips, Royer, Territo, and Wood's wrongful conduct, Plaintiff suffered damages.

40. The aforementioned acts of Defendants Police Officers Phillips, Royer, Territo, and Wood were wilful and intentional, and justifies an award of actual damages, punitive damages up to three times actual damages, a civil penalty of $10,000, and attorneys' fees pursuant to California Civil Code § 52(b).

42. Defendants Police Officers Phillips, Royer, Territo, and Wood, and each of them, by committing violence against Plaintiff, placed Plaintiff in immediate fear of great bodily harm. Plaintiff did not consent to such violent and offensive acts and contact by these defendants.

**FOURTH CAUSE OF ACTION**
(Assault)
(Defendants Police Officers Phillips, Royer, Territo, and Wood)

41. Plaintiffs hereby reallege paragraphs 1 through 40 of this complaint, as though set forth fully herein.

42. Defendants Police Officers Phillips, Royer, Territo, and Wood, and each of them, by committing violence against Plaintiff, placed Plaintiff in immediate fear of great bodily harm. Plaintiff did not consent to such violent and offensive acts and contact by these defendants.

43. As a proximate result of Defendants Police Officers Phillips, Royer, Territo, and Wood's intentional and wrongful conduct, Plaintiff suffered damages.

**FIFTH CAUSE OF ACTION**
(Battery)
(Defendants Police Officers Phillips, Royer, Territo, and Wood)

44. Plaintiff hereby realleges paragraphs 1 through 43 of this complaint, as though set forth fully herein.

45. Defendants Police Officers Phillips, Royer, Territo, and Wood, and each of them, by committing violence against Plaintiff, intentionally caused offensive contact with

Plaintiff's person. Plaintiff did not consent to such violent and offensive acts and contact by Defendants Police Officers Phillips, Royer, Territo, and Wood, and each of them.

46. As a proximate result of Defendants Police Officers Phillips, Royer, Territo, and Wood's, and each of their, intentional and wrongful conduct, Plaintiff suffered damages.

### SIXTH CAUSE OF ACTION
(Negligence)
(Defendants Police Officers Phillips, Royer, Territo, and Wood)

47. Plaintiff hereby realleges paragraphs 1 through 46 of this complaint as though fully set forth herein.

48. At all times mentioned herein, defendants, and each of them, were subject to a duty of care to avoid causing unnecessary physical harm and distress to other persons. By taking the actions described above, defendants acted negligently and without due care.

49. Plaintiff's injuries were proximately caused by the negligent and wrongful acts or omissions of Defendants Police Officers Phillips, Royer, Territo, and Wood, and each of them, as they used violent and excessive force against Plaintiff. Defendants Police Officers Phillips, Royer, Territo, and Wood, and each of them, committed those acts while employed by Defendant City and County of San Francisco and acting within the scope of their employment.

60. As a proximate result of defendants' negligent and wrongful conduct herein described, plaintiff suffered damages.

WHEREFORE Plaintiff prays for judgment as follows:

1. For general damages, including to compensate her for emotional distress, pain and suffering, according to proof at the time of trial,
2. For special damages, including loss of earnings, according to proof at the time of trial;
3. For punitive and exemplary damages as against the individual defendants commensurate with the acts complained of herein;
4. For costs of suit and reasonable attorneys' fees;
5. For actual damages, punitive and exemplary damages, a civil penalty of

6.

$25,000, and attorneys fees pursuant to California Civil Code § 52(b);

6. For such other and further relief and damages as the Court may deem just and proper.

DATED: March 26, 2008

Respectfully submitted,
HELBRAUN LAW FIRM

_____
DAVID M. HELBRAUN
Attorneys for Plaintiff
THOMAS JOSEPH BARNES

**COMPLAINT AND JURY DEMAND**  10